DEC 6 2023 PM12:19
FILED - USDC - FLMC - TPA

Diana Bradie-Timberlake Pro Se
Treymane Jai Robinson, Pro Se
PO BOX 222
BELLWOOD, IL 60104
TEL:786-905-7004
DBTIMBERLAKE1@GMAIL.COM

## UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

| | |
|---|---|
| **DIANA BRADIE- TIMBERLAKE TREYMANE ROBINSON,** | Case No. 8:23 cv 2781 WFJ-SPF |
| **Individuals** ) | |
| ) | **COMPLAINT FOR:** |
| **Plaintiffs,** ) | |
| | **JURY TRIAL DEMAND** |
| **-against-** ) | |
| **LAKE CITY N AUTOMOTIVE** | 1. **FORGERY** |
| **MANAGEMENT** | 2. **VIOLATION OF TILA** |
| **LLC, D/B/A ROUNTREE MOORE NISSAN,)** | 3. **FRAUD** |
| **Defendant,** ) | 4. **VIOLATION OF FDUTPA** |
| ) | 5. **NEGLIGENCE** |
| **Morgan Auto Group LLC.** | 6. **VIOLATION OF FLORIDA MOTOR** |
| **Defendant** ) | |
| ) | **VEHICLE RETAIL SALES** |
| ) | |
| | **FINANCE ACT (MVRSFA** |
| | 7. **INSTALLMENT CONTRACT** |
| | **BREACH** |
| | 8. **WIRE FRAUD** |
| | **PRAYER FOR RELEIF** |

1

## PLAINTIFF'S ORIGINAL PETITION/COMPLAINT

COMES NOW, Plaintiffs Diana Bradie-Timberlake & Treymane Jai Robinson, complaining of the above-named Defendants, and in support thereof would show the Court:

## INTRODUCTION

This case by Plaintiffs, once a consumer of Lake City N Automotive Management, LLC, doing business as Rountree Moore Nissan which is owned by Morgan Auto Group, brings this action for 1). Forgery; 2). Violation of TILA (Truth and Lending; 3). Fraud; 4). Violation of the Florida Deceptive and Unfair Trade Practices 5). Negligence; 6). Violation of Florida Motor Vehicle Retail Sales Finance Act (MVRSFA); 7). Installment Contract Breach; 8) Wire Fraud;

Prayer for Relief;

## PRELIMINARY STATEMENT

1.      Since June 25, 2023, the Defendants, operating as Lake City N Automotive Management, LLC, doing business as Rountree Moore Nissan under the full authority of Morgan Auto Group LLC, deliberately mislead the Plaintiffs Diana Bradie-Timberlake and Treymane Robinson into believing they could buy a vehicle without being physically present at the dealership, a practice the Defendant's knew was against the lender's policy.

2.      Mrs. Timberlake and Mr. Robinson, both thought they were engaged in a legal and legitimate consumer transaction, were in fact deceived throughout the entire process, encountering numerous instances of consumer fraud, forgery, and negligence.

3.      On June 30, 2023Rountree Moore Nissan originally sold a black 2021 Nissan Armada with Vin number JN8AY2BB1M9793659 for $42,083, which was financed with Flagship Credit

Acceptance, to the Mrs. Timberlake who is a resident of Calumet City, Illinois.

4.      After the Mrs. Timberlake and Mr. Robinson had already taken possession of the vehicle, the very assurance Rountree Moore Nissan gave before submitting the initial credit application is the exact reason the initial lender Flagship Credit Acceptance withdrew their approval.

5.      Rountree Moore Nissan then began to employ deceptive tactics each time they gained a new approval with a new lender over the next 2 months clandestinely raising the agreed-upon price and adding new terms without revealing the new terms to Mrs. Timberlake and Mr. Robinson before submission.

6.      On August 10, 2023, three days after Rountree Moore Nissan obtained the latest approval and submission of documents to Foursight Capital, they notified Mrs. Timberlake and Mr. Robinson, presenting it as if the approval had just occurred on that day.

7.      However, when Mrs. Timberlake and Mr. Robinson inquired about the arrival of new loan documents for signing, the finance manager revealed that he took the signature from the previous loan contract and place it on the new R.I.S.C only changing the date and lender name and submitted them to the lender.

8.      Mrs. Timberlake and Mr. Robinson emphasize that once Rountree Moore Nissan revealed they had submitted the contract on their behalf, both Plaintiffs actively sought to review these documents.

9.      After 18 days of evasion, on August 25, 2023, the Rountree Moore Nissan's finance manager, Daniel Manalis, finally sent an email of only the R.I.S.C, excluding the remaining pages of the loan agreements.

10.     Upon reviewing the contract that was submitted without Mrs. Timberlake's knowledge or actual signature, both Mrs. Timberlake and Mr. Robinson immediately noticed that Mrs. Timberlake's signature had been forged not moved from the previous document, and that the purchase price was higher along with new charges that was not on the previous signed R.I.SC.

11.     Upon realizing the ongoing fraud, Mrs. Timberlake opted not to proceed with the terms and informed the Defendant Rountree Moore Nissan and their parent company Morgan Auto Group of their intention to pursue legal action.

## JURISDICTION AND VENUE

12.     Does the alleged forgery of the Plaintiff's signature by the Defendant, on official loan document including the retail installment agreement and their subsequent submission of these forged documents to a financial institution for an interstate auto loan amount to a violation of federal statues namely 18 U.S.C § 1343 & 18 U.S.C § 513, 18 U.S.C § 47, 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1391, 18 U.S.C. § 1344, 15 U.S. Code § 45, Consumer Fraud and Florida Deceptive Unfair Trade Practices Act. (Federal question).?

13.     This Court has original jurisdiction over the claims in this action based on 28 U.S.C. § 1332 (a)1(1) which confers original jurisdiction on federal district courts in suits between diverse citizens of different states that involve an amount in controversy in excess of $75,000.

14.     Venue is appropriate in this federal district, pursuant to 18 U.S. Code Chapter 47 – Fraud & False Statements because the occurrences that has given rise to the plaintiffs claim involve the presentation of a forged financial instrument. There is the requisite criminal or civil 'enterprise' – consisting of the parent company, general manager, finance mangers, and the financial lending institution. These parties work closely together to affect the financial transaction.  There are

'predicate acts' of:

(a): Mail fraud – Defendants using the mail for sending out materials among themselves to the Plaintiff and the financial lending institution by using UPS.

(b): Bank Fraud- Defendant fraudulently submitted forged financial documents to one financial institution, by means of false or fraudulent pretenses, representations, or promises.

(b): Wire fraud – Defendant used wire such as phone calls and emails by electronic pretense transfers, as part of a fraudulent scheme to deceive Plaintiffs and the financial lending institution Foursight Capital caused by means of wire.

(c): It involves the making of false statements and or misleading representations about the value of the loan.

## PARTIES

15.     Plaintiff, Retired Military Veteran Lt. Colonel Chaplain Diana Bradie Timberlake age 66 of 400 Park Ave #207 Calumet City, IL 60409.

16.     Plaintiff, Retired Military Veteran Treymane Jai Robinson age 44 with a mailing address of P.O Box 222 Bellwood Il 60104.

17.     The Defendant Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan is a Florida Limited liability Corporation located at 4262 W US Hwy 90 Lake City, FL 32055 where the Plaintiff Treymane Jai Robinson took possession of the vehicle.

18.     The Defendant Morgan Auto Group, LLC, a Florida Limited liability Corporation is the parent company of Rountree Moore Nissan and is located 3031 N Rocky Point Dr W Ste 770 Tampa Florida 33607.

## FACTUAL ALLEGATIONS

19.     On or about June 24, 2023, Mrs. Timberlake and Mr. Robinson, initiated contact with Lake City N Automotive Management, LLC, doing business as Rountree Moore Nissan, and gave the clear intent of conducting the transaction remotely due to Mrs. Timberlake not being able to personally visit the Rountree Moore Nissan's dealership due to her stage 4 cancer illness, designating her son Mr. Robinson as the sole negotiator of this transaction.

20.     On or about June 25, 2023, Mrs. Timberlake and Mr. Robinson received a phone call from the Finance Manager Daniel Manalis for Rountree Moore Nissan, notifying them of the approval terms and conditions while reassuring them that Mrs. Timberlake's presence at the dealership was not necessary to complete the vehicle purchase.

21.     On June 30, 2023, 3 days after Rountree Moore Nissan mailed out and received the signed loan documents from Mrs. Timberlake, her son Mr. Robinson secured airfare in the amount of $650 with American Airlines and traveled to Jacksonville International Airport, where the Rountree Moore Nissan organized the Mr. Robinson's transportation from the airport to the dealership to pick up the vehicle.

### *The Retail Installment Sales Contract Terms With Flagship Acceptance*

22.     Mrs. Timberlake agreed to the terms and disclosures outline by Truth in Lending to receive financing for the purchase of 2021 Nissan Armada for the amount of $42,083.00 before interest with an interest rate of 18.24%. The total amount that would be paid out at the end of the 72month term would be $72,047.36 with a down payment of $2,000.

### *Flagship Credit Acceptance Cancellation Of The Retail Installment Sales Contract*

23.     Eight days after the Mrs. Timberlake and Mr. Robinson had acquired the vehicle,

6

Flagship Credit Acceptance, the lending institution, withdrew the loan approval following a phone conversation with Mrs. Timberlake when they learned of her absence at the dealership to physically take possession of the 2021 Nissan Armada.

24.     This action was perplexing to Mrs. Timberlake and Mr. Robinson, given that the dealership had previously provided assurances her presence would not be required.

### *Rountree Moore Urges Mrs. Timberlake To Give False Information*

25.     Mr. Robinson and Mrs. Timberlake contacted Rountree Moore Nissan, seeking clarification on why this occurred, and the finance manager responded, "I thought you guys knew that when the lender phones you to do their welcome call, when they ask were you present at the dealership? Mrs. Timberlake was to respond with yes".

26.     Unaware that providing false information to the bank was needed to take possession of the vehicle Mr. Robinson reassured Daniel Manalis his mother would not be giving any inaccurate information to anyone specifically concerning her visiting to the Rountree Moore Nissan dealership.

27.     Daniel Manalis mentioned that he would attempt to locate a lender that doesn't conduct welcome calls, aiming to address Mrs. Timberlake's unique situation of being unable to visit the dealership and suggested reconsideration of being truthful if his options are limited.

### *The 2nd Retail Installment Sales Contract Approval With Capital One Bank*

28.     On July 11, 2023, Rountree Moore Nissan sent a text to Mrs. Timberlake phone notifying her that a new financing deal was secured through Capital One Bank and that new loan documents including all disclosures would be mailed to her that needed signing because the old deal was cancelled.

7

***Rountree Moore Nissan makes unauthorized change to the Loan Documents***

29.    On July 17, 2023, upon receipt of the loan documents, the Plaintiffs observed that the vehicle price had increased by $1,410.60, and a new warranty charge of $2,050 was added, which was absent in the initial set of loan documents.

30.    Despite the confusion, Mr. Robinson & Mrs. Timberlake observed some minor defects inside the vehicle and inquired with Rountree Moore Nissan about the possibility of repairing these issues.

31.    Responding after several days, Friday July 21, 2023, the finance manager finally called to say the dealership would not be repairing those issues because it's as-is used vehicle and if Mrs. Timberlake is unwilling to proceed with signing the paperwork, then they have exhausted all option for financing and they were to return the truck to the dealership immediately.

32.    On July 22, 2023, following a brief discussion between Mrs. Timberlake and Mr. Robinson, they mutually decided that the repairs were minor enough to overlook and notified the finance manager Mrs. Timberlake would be signing the loan documents but because of it being the weekend they couldn't mail the documents until Monday on July 24, 2023, which the dealership received on July 25, 2023.

***Mrs. Timberlake Has Unauthorized Hard Inquires On Credit Report***

33.    Subsequent to being informed of her approval and entering into an agreement with Capital One, Mrs. Timberlake continued to receive hard inquiries initiated by Rountree Moore Nissan dealership.

34.    The unauthorized credit inquiries on Mrs. Timberlake's credit persisted for 44 days after the initial application was completed and submitted on June 24, 2023. This has prompted Mrs.

8

Timberlake to question the legitimacy of the duration a single credit application can be used before a lender would require a new credit application to created and submitted.

35.     On August 3, 2023, Mrs. Timberlake checked her TransUnion credit report and found she had 3 new credit inquiries on July 31, 2023, just 6 days after the dealership received her signed R.I.S.C.

36.     Confused about the new inquiries Mrs. Timberlake called and text Daniel Manalis, who did not respond to why Mrs. Timberlake credit was ran.

 (See Exhibit 12 Page 16)

### *Capital One Cancellation Of Retail Installment Sales Contract*

37.     It was not until August 10, 2023, that the Defendant, Rountree Moore Nissan confirmed with Mrs. Timberlake and Mr. Robinson thru text messages that the loan had been terminated with Capital One, because of mailing delays causing the approval to expire.

 (See Exhibit 7 TM -B, Page 14)

### *The 3rd Retail Installment Sales Contract Approval with Foursight Capital*

38.      On August 7, 2023, Mrs. Timberlake experienced five (5) new hard inquiries on her credit report during a time Rountree Moore Nissan was supposed to have secured financing with Capital One.

39.     On August 8, 2023, sensing that something might be wrong, Mrs. Timberlake took the initiative to call Capital One to verify her account she was told by Rountree Moore Nissan she had. To her surprise, she discovered that she had no active account with Capital One.

40.     Immediately the same day, Mrs. Timberlake and Mr. Robinson called the dealership but

was routed to the voicemail, so they sent a text to the finance manager Daniel Manalis who didn't respond for 2 days until August 10th mid-day.

*(See Exhibit 7 TM -1, Page 14)*

41.     On August 10, 2023, three (3) days after a new R.I.S.C was submitted to Foursight Capital, Daniel Manalis, notified Mr. Robinson and Mrs. Timberlake via text as if happened that day about a new bank approval with revised monthly terms of $114 less than the previous R.I.S.C. ironically the new lender is Foursight Capital who was one of the inquiries from August 7,2023 Rountree Moore Nissan submitted a credit application too..

*(See Exhibit 7 TM -B, Page 14)*

### *Rountree Moore Nissan Forges the Plaintiff Signature on the Loan Documents*

42.     When Mr. Robinson inquired about when his mom Mrs. Timberlake would be receiving the new loan documents for signing and the finance Manager Daniel Manalis for Rountree Moore Nissan stated that there was no need to provide any of the original loan documents by mail, as the dealership had already submitted the loan documents.

43.     Expressing dissatisfaction to Daniel Manilas upon discovering they were excluded from the entire contract process, Mrs. Timberlake and Mr. Robinson questioned the feasibility of such a situation, given that neither he nor his mother was informed of the new approval or the existence of a new contract.

44.     The Finance Manager for Rountree Moore Nissan Daniel Manalis explained in a manner that suggest it was within legal parameters, to prevent any delays related to mailing, the dealership authorized him to re-entered new vehicle information move Mrs. Timberlake's signature from the previous R.I.S.C" and place on it on the new R.I.S.C and submit it to the

lender Foursight Capital.

## Foursight Capital Calls Mrs. Timberlake For A Welcome Call

45.     On August 14, 2023, Foursight Capital contacted Mrs. Timberlake for a welcome call. During the conversation, they inquired if she was satisfied with the terms of her new contract, to which she responded, "I haven't seen my contract. Could you please send me a copy specifying my loan payments?"

46.     The representative appeared perplexed and directed her to contact the dealer for any inquiries regarding paperwork and ended the call.

## Rountree Moore Nissan continues to Avoid Mrs. Timberlake and Mr. Robinson

47.     Following the discovery of the new loan on August 10, 2023, Mrs. Timberlake and Mr. Robinson formally requested Rountree Moore Nissan to provide a copy of the unauthorized loan documentation. However, faced with significant delay and extreme avoidance, it was only after consistent efforts, including numerous calls, texts, and reminders, that on August 25, 2023, Rountree Moore Nissan finally emailed the loan documents to Mrs. Timberlake, 18 days after the dealership fraudulently submitted loan documents to Foursight Capital.

*(See Exhibit 11 Page 16)*

## *Rountree Moore Nissan Fraudulently added new Charges to the Loan Documents*

48.     When Mrs. Timberlake and Mr. Robinson reviewed the email transmission it contained only a copy of the new, modified 5-page Retail Installment agreement leaving out the remaining multi-page loan package that was submitted to the lending institution Foursight Capital and the Florida Department of Motor Vehicles.

11

49.      Once Mrs. Timberlake and Mr. Robinson reviewed the new R.I.S.C., they immediately

noticed a forged signature she did not authorize, new increased vehicle purchase price increase

of 3,250.27 from the July 14th, 2023, R.I.S.C., in addition to a new Service Warranty and Gap

charges totaling $4,302.

**_The Plaintiffs issue Intent to Sue Notice_**

50.      Mrs. Timberlake and Mr. Robinson issued an intent to sue notice along with a notice of

rescission next day mail sent on August 25, 2023, to the Rountree Moore Nissan Dealership and

the parent company Morgan Auto Group for fraud and forgery.

**_Rountree Moore 1st Demand Letter_**

51.      On September 5th, 2023, Diana Bradie Timberlake, received a certified mail delivery

from the General Manager, Samuel Ryan, representing Lake City N Automotive Management,

LLC, d/b/a Rountree Moore Nissan. The correspondence did not make any reference to the third

contract approval with Foursight Capital, the forgery or fraud concerns nor did it address the

recission notice.

52.      It solely mentioned that due to the Plaintiff taking an extended period (7 days) to review

the loan documents from Capital One Mrs. Timberlake received on July 17, 2023, the approval

expired. Consequently, Mrs. Timberlake and Mr. Robinson were given 48 hours to return the

vehicle to Rountree dealership or face a daily fee of $25 for each subsequent day the vehicle

remained in their possession.

 (See Exhibit 1 Page 1)

**_Morgan Auto Group Demand Letter_**

12

53.     On November 20th, 2023, Mrs. Timberlake and Mr. Robinson received a next day mail delivery via UPS from the parent company Morgan Auto Group, Associate General Counsel, Todd Cagwin, with a check for the refund of the initial down payment of $2,000 with a letter referencing the August 28,2023 communication stating they will take steps to recover the vehicle if not returned within 7 days.

*(See Exhibit 2 Page 3-5)*

### *Mr. Robinson and Mrs. Timberlake Confusion*

54.     Rountree Moore Nissan August 28, 2023, demand letter cited the reason for an expired approval was due to the late return of the signed documents, implying that the Capital One deal expired around July 24th upon them receiving the signed R.I.S.C on July 25, 2023. However, this information appears conflicting, as the dealership did not notify Mrs. Timberlake or Mr. Robinson of the Capital One expiration until August 10, 2023

*(See Exhibit 1 Page 2)*

56.     The only communication from Rountree Moore Nissan dealership to Mr. Robinson and Mrs. Timberlake, spanning from the receipt of the Capital One contract on July 25, 2023, was to Mr. Robinson on July 31, 2023, indicating Capital One was requesting proof of income, with no mention of the loan expiration.

*(See Exhibit 10 Page 15)*

57.     Since Mr. Robinson and Mrs. Timberlake exposed the deceit and fraud by Rountree Moore Nissan, she has attempted to secure financing from other lenders following this traumatic ordeal but has faced challenges due to the reckless actions of Rountree Moore Nissan running her credit

13 times. The high number of application submissions resulted in multiple hard inquiries, causing potential new lenders to question her creditworthiness and deny her financing request.

58.     This ordeal has subjected both Mrs. Timberlake and Mr. Robinson to an emotional and stressful situation, causing financial strain. The inability to use the vehicle, compounded by the dealership's refusal to renew expired plates, has led to monthly expenses for a rental car for the past three months. This additional cost is necessary due to the specific size required to accommodate Mrs. Timberlake's motorized wheelchair.

**<u>FIRST CAUSE OF ACTION   -COUNT ONE –FORGERY</u>**

(Against Rountree Moore Nissan)

59.     Plaintiffs repeat and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

60.     Plaintiff Diana Bradie-Timberlake is a victim of forgery within the meaning under Florida Statute §831.01 and is therefore entitled to bring a civil action. under §831.04

61.     Plaintiffs allege that the Defendant, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan knowingly executing multiple fraudulent signatures and initials of the Plaintiff Diana Bradie-Timberlake on a financial instrument also known as the retail installment sales contract also known as a security and other loan documents.

62.     Upon information and belief, the Defendant, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan knowingly submitted those documents to the Florida Department of Motor Vehicles and the lending institution Foursight Capital.

63.     These Pages include but are not limited to the 5-page Retail Installment Sales Contract,

*(R.I.S.C.)*, the Bailment Agreement, the Power of Attorney, the Title Reassignment and the Buyers Orders without the Plaintiff Diana Bradie-Timberlake's knowledge or consent.

64.    The Plaintiffs alleges that unlike the previous two,17-page loan document package the Defendants, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan deliberately excluded those documents when transmitting the email copy to the Plaintiffs on August 25,2023, providing only a copy of the new altered 5-page *R.I.S.C.* that was submitted to Foursight Capital with the intent to defraud both the Plaintiff Diana Bradie-Timberlake  and the lender Foursight Capital.

65.    Upon receiving the email transmission of the copy of the forged R.I.S.C, The Plaintiffs immediately noticed that the signature and Initials of Diana Bradie-Timberlake on the new loan on pages 1,2,3,4 & 5 that was submitted to the financial lending institution, Foursight Capital did not belong to Diana Bradie-Timberlake.

*(See Exhibit 3 Page 6-10)*

66.    As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, Plaintiff Diana Bradie-Timberlake has suffered severe emotional distress, embarrassment, anxiety, economic harm and other consequential damages.

67.    The Plaintiffs Diana Bradie-Timberlake and Treymane Robinson respectfully request that this Court to enter judgment against the Defendants for:

a.   Actual damages of the full contract amount of the forged R.I.S.C.

b.   Treble damages

c.   Declare the loan null and void

    d.  Emotional Distress

    e.  Any other relief as the Court deems just and proper.

## SECOND CAUSE FOR ACTION-COUNT TWO – VIOLATIONS OF TRUTH IN LENDING ACT (TILA)

(Against The Defendant Rountree Moore Nissan)

68.    Plaintiffs Diana Bradie-Timberlake  and Treymane Robinson repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

69.    The Truth in Lending Act requires to make accurate and conspicuous disclosure of finance terms to consumers, prior to signing the retail installment sales contract.

70.    On or about August 7th, 2023, Plaintiff Diana Bradie-Timberlake alleges that the Defendant, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan failed to provide disclosures required under Truth in Lending Act.

71.    Specifically,

    a.    By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 1026.17(b) [formerly § 226.17(b).

    b.    By failing to make required disclosures, including the annual percentage rate of 14.79%, and finance charge of $24,066, amount financed of $46,743.87, and the monthly payment of $983.48 clear and conspicuous in writing which places them in violation of 15 U.S.C. § 1632(a) and Regulation Z § 1026.17(a) [formerly § 226.17(a).]

    c.    By failing to properly identify property subject to a security interest in violation of

15 U.S.C. § 1638(a)(9) and Regulation Z § 1026.18(m) [formerly § 226.18(m)].

     d.    By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 1026.4 [formerly § 226.4], thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 1026.18(d) [formerly § 226.18(d)].

*(See Exhibit 3 Page 6)*

72.    Plaintiffs didn't have any communication with Rountree Moore Nissan indicating a new loan existed until August 10th, 2023, at 4:08 pm thru text message, three days after the R.I.S.C was submitted to Foursight Capital.

*(See Exhibit 7, Page 15, TM-A & TM-B)*

73.    The Plaintiffs received an email transmission from the Defendant Rountree Moore Nissan's finance manager Daniel Manalis on August 25,2023, 18 days after the loan documents was submitted to Foursight Capital making it impossible for the Plaintiff Diana Bradie-Timberlake to have been given any of the required TILA disclosures before the contract was submitted.

74.    As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, Plaintiff Diana Bradie-Timberlake requests that the Court find Defendants Lake City N Automotive Management, LLC in violation of TILA and order relief including:

    a.    Twice the finance charge of $24,066

    b.    Emotional Distress

    c.    Any other relief deemed just and proper.

*(See Koons Buick Pontiac GMC, Inc. v. Nigh, 543 US 50 - Supreme Court 2004)*

## THIRD CAUSE FOR ACTION -COUNT THREE -FRAUD
(Against All Defendants)

75.     Plaintiffs Diana Bradie-Timberlake and Treymane Robinson repeats and realleges each and every allegation in all of the preceding

paragraphs as if fully set forth herein.

76.     Defendants, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan, and Morgan Auto Group as the parent company, are implicated in this action due to their joined involvement in part or as its entirety. Morgan Auto Group has demonstrated a level of engagement with the Plaintiffs that implies an executive authority in the financing procedures of Rountree Moore Nissan.

*(See Exhibit 2 Page 3-5)*

77.     The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of fraud. Specifically, without the Plaintiff's Diana Bradie-Timberlake consent or knowledge increased the vehicle price on the new R.I.S.C that was submitted to Foursight Capital to $46,743.87 from $43,493.60.

*(See Exhibit 4 Page 11)*

78.     Plaintiffs have obtained text message evidence demonstrating their lack of knowledge about the new loan documents as communications show the Defendant post-date August 10,2023 response. The execution of the new loan documents according to the loan documents page 5 was August 7th, 2023, indicating no prior consent or awareness by the Plaintiff Diana Bradie-Timberlake regarding the new loan documents.

18

*(See Exhibit 3 Page 6-10)*

79.     Even assuming that a valid contract existed, which Plaintiff Diana Bradie-Timberlake denies, the Defendants breached the contract when they inflated the price without the Plaintiff Diana Bradie-Timberlake's consent.

80.     This mandatory comprehension of their business structure makes it pivotal to their knowledge of the Plaintiff Diana Bradie-Timberlake's absence from the entire contract process indicating their involvement in permitting the submission of fraudulent loan documents to Foursight Capital without the Plaintiff Diana Bradie-Timberlake's consent or knowledge.

81.     As a direct and proximate result of Defendants' unlawful conduct as alleged hereinabove, Plaintiff Diana Bradie-Timberlake has suffered severe emotional distress, embarrassment and anxiety, actual damages and other consequential damages. The Plaintiff Diana Bradie-Timberlake respectfully request that this Court enter judgment against the Defendants for:

relief of:

    a.   Damages equivalent to the total amount of the forged Nissan contract

    b.   Treble damages

    c.   Emotional Distress

    d.   Any other relief that the court deems just and proper.

## FOURTH CAUSE FOR ACTION-COUNT FOUR – FLORIDA DESCEPTIVE AND UNFAIR TRADE PRACTICES

(Against All Defendant)

82.     Plaintiffs repeats and realleges each and every allegation in all of the preceding
paragraphs as if fully set forth herein.

83.     Defendants, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan,
and Morgan Auto Group as the parent company, are implicated in this action due to their joined
involvement in part or as its entirety. Morgan Auto Group has exhibited a level of contact with
the Plaintiffs that suggests they posses a comprehensive understanding of the daily operational
duties of Rountree Moore Nissan.

*(See Exhibit 2 Page 3-5)*

84.     Plaintiff, Diana Bradie-Timberlake a 66-year-old senior citizen brings this claim against
the Defendants for violating the Fair and Deceptive Unfair Trade Practices Act (FDUTPA).

85.     The Plaintiffs Diana Bradie-Timberlake and Treymane Robinson allege that the first
instance of deception transpired on June 26, 2023, when the Defendants assured the Plaintiffs, that
Diana Bradie Timberlake's presence at the dealership for taking possession of the vehicle was
unnecessary for funding to proceed.

86.     Approximately eight days after the Plaintiffs had acquired the vehicle, Flagship Credit
Acceptance contacted the Plaintiff Diana Bradie-Timberlake for a welcome call and learned of
her absence at the dealership to physically take possession of the 2021 Nissan Armada and
immediately withdrew the loan discovering that the assurances given by the Defendant Rountree
Moore Nissan were false.

87.     The Plaintiffs allege more deception occurred when the Defendants Rountree Moore
Nissan under full authority of Morgan Auto Group, on or about August 7, 2023, altered the terms
of the retail installment sales contract (R.I.S.C.) by adding an unauthorized Service Protection

20

Warranty Contract of $3,102 from a company identified as SIDECARS into section 5J of the new loan documents without the Plaintiff Diana Bradie-Timberlake's knowledge or consent.

*(See Exhibit 5 Page 12)*

88.     Due to the Defendants' alleged unlawful conduct outlined above, violations of FDUTPA 501.2077 (1)(c) and 501.2077 (2) were perpetrated against Plaintiff Diana Bradie-Timberlake, a senior citizen which entitles Plaintiff Diana Bradie-Timberlake to the enhanced penalties and remedies provided by FDUTPA 501.2077(1)(c) and 501.2077(3) who has suffered severe emotional distress, embarrassment, anxiety and respectfully requests that the Court enters a judgment against the Defendants for:

relief of:

     a.  Compensatory damages of 15,000.00 per violation

     b.  Amount equivalent to the total amount of the R.I.S.C

     c.  Treble damages

     d.  Emotional distress

     e.  Punitive damages

     f.  Any other relief that the court deems just and proper.

89.     The Defendants Diana Bradie-Timberlake and Treymane Robinson alleged unlawful conduct outlined above, violations of FDUTPA 501.2077 (1)(c) and 501.2077 (2) were perpetrated against Plaintiff Diana Bradie-Timberlake violations of FDUTPA were also committed against a disabled military servicemember, which entitles Plaintiff Diana Bradie-Timberlake to the

enhanced penalties and remedies provided by FDUTPA 501.2077(1)(c) and 501.2077(3).

Relief Requested:

    a)  Compensatory damages of 15,000.00 per violation

    b)  Amount equivalent to the total amount of the R.I.S.C

    c)  Treble damages

    d)  Emotional distress

    e)  Punitive damages

    f)  An award of attorney's fees and costs

    g)  Any other relief that the court deems just and proper.

### FIFTH CAUSE FOR ACTION-COUNT FIVE – NEGLIGNECE

(Against All Defendants)

90.    Plaintiffs Diana Bradie-Timberlake and Treymane Robinson repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

91.    Defendants, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan, and Morgan Auto Group as the parent company, are implicated in this action due to their joined involvement in part or as its entirety. Morgan Auto Group has exhibited a level of contact with the Plaintiffs that suggests they possess a comprehensive understanding of the daily operational duties of Rountree Moore Nissan.

92.    The Plaintiffs alleges both Defendants deliberately engaged in actions that not only demonstrated a failure to fulfill the legal duty of exercising reasonable care toward the Plaintiff

Diana Bradie-Timberlake in this consumer credit transaction but also exhibited a blatant disregard for their legal fiduciary duties.

93.     The Plaintiff, Diana Bradie-Timberlake, alleges that the negligence commenced with the failure to provide real-time updates concerning the credit inquiries, bank changes, and approval expirations throughout the approval process. According to the demand letter from Defendant Rountree Moore Nissan on August 28, 2023, the Capital One R.I.S.C. expired due to the late return of paperwork on July 25, 2023.

*(See Exhibit 1 Page 2)*

94.     The Plaintiffs assert that there is no documented communication, either through text or phone calls from Defendant Rountree Moore Nissan indicating that the approval would expire if the signed R.I.S.C was not returned by a specified date.

95.     On August 3, 2023, the negligence continued as the Plaintiffs notified the Defendant Rountree Moore Nissan Finance Manager about new inquires Diana Bradie-Timberlake noticed on her credit report that originated from the dealership during a time she was told the approval with Capital One had been done but was met with a response a day later of "Sorry I can't talk right now."

*(See Exhibit 12 Page 16)*

96.     On August 7, 2023, the negligence further continued as the Plaintiff Diana Bradie-Timberlake's experienced five (5) more new hard inquiries on her Transunion credit report during a time she had already signed a new R.I.S.C, from Foursight Capital, JPMC Auto Finance, Santander Consumer USA, Ally Financial, and Wells Fargo Auto, which exemplifies the defendants' negligence towards the Plaintiff Diana Bradie-Timberlake's credit score.

*(See Exhibit 8 Page 14)*

97.    Moreover, the carelessness shown by the Defendant Rountree Moore as they submitted multiple credit applications even twice to the same lender who had previously withdrawn their approval just days before show the lengths the Defendants will go to keep damaging the creditworthiness of the Plaintiff Diana Bradie-Timberlake.

*(See Exhibit 8 Page 14)*

98.    The Defendants' actions and omissions, whether considered individually or collectively, constitute acts of negligence against the Plaintiff Diana Bradie-Timberlake, specifically withholding crucial information about the R.I.S.C expiration according to the date mentioned in the Defendant's Rountree Moore Nissan letter to the Plaintiffs for a minimum of 11 days, despite having ongoing text communication with the Plaintiffs during those days.

*(See Exhibit 1 Page 2, Exhibit 7 TM-B Page 14, Exhibit 10 Page 15, Exhibit 12 Page 16)*

99.    Upon information and belief, the Defendants Rountree Moore Nissan, in their professional capacity possessed knowledge that the FICO scoring system used by the lenders they represent each time they send a consumer credit application to a lender it automatically triggers a hard inquiry that can decrease a consumer's score by as many as 15 points.

100.    The Defendant, Rountree Moore Nissan in its professional capacity owed the Plaintiff Diana Bradie-Timberlake a legal duty of care to keep both the plaintiffs informed of any new terms or changes that would legally require the Plaintiff Diana Bradie-Timberlake's signature or written authorization to proceed.

101.    Such duty was expected when the Defendant Rountree Moore Nissan found a new bank August 7th, 2023, by the name of Foursight Capital for financing, which matches the date of hard

inquiry, with terms and conditions that were not previously discussed nor present in any of the other previously signed installment contract between the Plaintiff Diana Bradie-Timberlake and the Defendant.

*(See Exhibit 8 Page 14)*

102.   In an effort to implore the Defendant Rountree Moore Nissan to send copies of the unseen R.I.S.C, the negligence persisted as the Defendants Rountree Moore Nissan avoided the Plaintiffs request for 18 days after the August 7th, 2023, submission when only a portion of the R.I.S.C was sent via email.

*(See Exhibit 13 Page 17, Exhibit 3 Page 6-10)*

103.   This behavior defines the evident disregard the defendants have for the plaintiffs, specifically Diana Bradie-Timberlake, treating her as if her concerns are inconsequential, a situation that has resulted in severe emotional distress for the Plaintiff Diana Bradie-Timberlake.

104.   The Plaintiffs endured ongoing negligence from Rountree Moore Nissan as their finance manager provided false and misrepresented terms via text, regarding the monthly payments of an unauthorized and unseen loan submitted knowingly by the Defendant Rountree Moore Nissan.

105.   On August 10, 2023, at 4:08 pm, the Defendants falsely assured the Plaintiffs Specifically Diana Bradie-Timberlake through text messages that the new contract featured a reduced monthly payment, claiming a decrease from the previous agreement on July 14, 2023, from $997 to $883, indicating a difference of $114 when the actual difference was only $14.42

*(See Exhibit 7 TM -B, Page 14, Exhibit 6 Page 13))*

106.   At this point, the Defendant Rountree Moore persistently and intentionally misinforms

25

the Plaintiff Diana Bradie-Timberlake, causing significant distress. This is not a situation involving multiple approvals, making it unlikely for the Defendant to struggle with specific details from various finance companies for Plaintiff Diana Bradie-Timberlake. The deliberate nature of this action is evident, considering that just two days prior, the defendant submitted multiple pages of loan documents outlining these terms.

*(See Exhibit 3 Page 6-10, Exhibit 7 TM -B)*

107.    Consequently, it raises the question from the Plaintiff Diana Bradie-Timberlake about how this information could not be accurate when they are the ones who created and consummated the entire agreement.

108.    The Plaintiffs allege more deception occurred as the Defendants Rountree Moore Nissan use malicious acts to secretly change the terms on the retail installment sales contract (R.I.S.C.) by adding an unauthorized Gap warranty charge of $1,200 from a company identified as SIDECARS into section 5D of the new loan documents without the Plaintiff Diana Bradie-Timberlake's knowledge or consent.

*(See Exhibit 5 Page 12)*

109.    The modifications and alterations to the R.I.S.C mentioned in the foregoing paragraphs were not included in the Plaintiff Diana Bradie-Timberlake's prior Retail Installment Sales Contracts and had she been informed about these new additional charges before the loan submission, she would have unequivocally rejected the approval and reframed from entering the contract.

110.    The Plaintiffs also allege The Defendant Rountree Moore, purposely did not renew, or send her a temporary 30-day plate for the month of September, October, and November causing

26

both Plaintiffs to lose 4 lucrative projects totally $25,000 and missed 3 long awaited doctor's appointment for cancer treatments.

111.     The Plaintiffs had to incur additional monthly rental expense of $4,778.53 for a comparable SUV each month between September 7th, 2023, and November 29th, 2023, due to the unavailability of their vehicle resulting from the Defendant Rountree Moore Nissan not renewing the temporary license plate as they've done the previous months.

112.     The Plaintiffs contend that, subsequent to unveiling the actions above to the Defendant Rountree Moore Nissan and Morgan Auto Group LLC, sent demand letters insisting on the return of the vehicle by any means from the Plaintiffs, despite being aware that the vehicle cannot be driven through multiple states due to expired license plates that the defendants never renewed.

113.     The Plaintiff Diana Bradie-Timberlake's deep concern with the Defendants negligence revolves around the troubling question: If a car dealership is willing to exploit confidential and personal information for the submission of a loan over the period of 2 months, what safeguards are in place to prevent them from potentially engaging in further illicit activities?

114.     As a direct and proximate result of Defendants' intentional, negligent unlawful conduct as alleged hereinabove, The Plaintiff Diana Bradie-Timberlake's has suffered physical injury from missed doctors appoints, severe emotional distress and anxiety, humiliation embarrassment from the continued denials from lenders, actual damages that include unexpected monthly SUV rental costs, lost wages, physical and mental pain from missed doctor appointments, fees associated with taking possession of the vehicle they can no longer drive due to expired tags and the reckless negligence shown for Plaintiff Diana Bradie-Timberlake's exclusion from the entirety of

the contract. The Plaintiffs asks this court for:

a. Compensatory damages

b. Treble damages

c. Emotional Distress

d. Pain and suffering

e. Punitive damages

f. The lien release of title for the 2021 Nissan Armada vin #JN8AY2BB1M9793659 or grant damages equivalent to the total amount of the contract, totaling $46,743.87. This compensation is necessary for the Plaintiff Diana Bradie-Timberlake to secure another vehicle given the defendants' actions in their negligent handling of the Plaintiff Diana Bradie-Timberlake's credit.

g. Any other relief that the court deems just and proper

## SIXTH CAUSE FOR ACTION-COUNT SIX – VIOLATION OF FLORIDA MOTOR VEHCILE RETAIL SALES FINANCE ACT (MVRSFA)

### (Against All Defendants)

115. Plaintiffs Diana Bradie-Timberlake and Treymane Robinson repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

116. Defendants, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan, and Morgan Auto Group as the parent company, are implicated in this action due to their joined involvement in part or as its entirety. Morgan Auto Group has exhibited a level of contact with the Plaintiffs that suggests they possess a comprehensive understanding of the daily operational

duties of Rountree Moore Nissan.

117.   The Plaintiff Diana Bradie-Timberlake alleges both Defendants are in violation of

§520.07 (1)(a) of the Florida Motor Vehicle Retail Sales Finance Act (MVRSFA), which

mandates that a Retail Installment Sales Contract (R.I.S.C.) must be in written form, signed by

both the buyer and seller, and "complete as to all essential provisions prior to the signing of the

contract by the buyer."

118.   Upon information and belief and in addition to the facts alleged in count 1 and count 5

the following facts are relevant to count 6.

119.   The R.I.S.C. was solely signed in all sections for buyer and seller by the seller only

representing the dealership, while also misrepresenting the Plaintiff Diana Bradie-Timberlake's

acceptance of the terms by the act of initialing and signing on her behalf, first, middle, and last

name on every required page of the R.I.S.C that was submitted to Foursight Capital.

   *(See Exhibit 3 Page 6-10, Exhibit 7 TM -B)*

120.   The Plaintiff Diana Bradie-Timberlake alleges both Defendants Rountree Moore Nissan

operating in conjunction with or full authority of Morgan Auto Group violated §520.07 (2)( c) of

the Florida Motor Vehicle Retail Sales Finance Act (MVRSFA), which mandates the seller shall

deliver to the buyer, or mail to the buyer at his or her address shown on the contract, a copy of the

contract signed by the seller before the transaction is consummated.

121.   The Plaintiff Diana Bradie-Timberlake asserts that text messages confirm no original

loan documents for the date on Foursight Capital R.I.S.C were mailed to her residence before the

contract was consummated because both plaintiffs were unaware a new contract existed until 3

days after the submission of the loan documents to Foursight Capital transmitted thru email.

122.    Defendants' unlawful and discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, and reckless indifference to the Plaintiff Diana Bradie-Timberlake consumer rights. The Plaintiff Diana Bradie-Timberlake seeks damages against the Defendants in accordance with violating Motor Vehicle Retail Sales Finance Act Section 520.12 Actual damages of;

    a.  The full contract amount of the forged R.I.S.C including interest of $70,810.56

    b.  Treble damages

    c.  Any other relief as the Court deems just and proper.

## SEVENTH CAUSE FOR ACTION-COUNT SEVEN – INSTALLMENT CONTRACT BREACH

### (Against All Defendants)

123.    Plaintiffs repeats and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

124.    Defendants, Lake City N Automotive Management, LLC, d/b/a Rountree Moore Nissan, and Morgan Auto Group as the parent company, are implicated in this action due to their joined involvement in part or as its entirety. Morgan Auto Group has exhibited a level of contact with the Plaintiffs that suggests they possess a comprehensive understanding of the daily operational duties of Rountree Moore Nissan.

*(See Exhibit 2 Page 2)*

125.    The Defendants' acts and omissions, taken separately and/or together, as outlined above, constitute a violation of either wholly or partially, of § 2-612(2) pertaining to "Installment contract" breach.

126.    This violation occurred when Defendants, through fraudulent means, deprived the Plaintiff Diana Bradie-Timberlake of her right to accept or reject the retail installment sales contract.

127.    This act involved creating a false impression of the Plaintiff Diana Bradie-Timberlake's acceptance of terms and conditions she had neither seen nor authorized.

*(See Exhibit 4 Page 11)*

128.    Plaintiff Diana Bradie-Timberlake seeks damages against Defendants in accordance with violating Motor Vehicle Retail Sales Finance Act Section 520.12 Actual damages of;

    a.  The full finance charge amount of $24,066.69

    b.  Treble damages

    c.  Attorney fees

    d.  Emotional Distress

    e.  Any other relief as the Court deems just and proper.

<u>**EIGHTH CAUSE FOR ACTION-COUNT EIGHT – WIRE FRAUD**</u>

(Against Defendant Rountree Moore Nissan)

129.    Plaintiffs repeat and realleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

130.    Plaintiff Diana Bradie-Timberlake is a victim of wire fraud within the meaning under Title 18 U.S.C. § 1341 and is therefore entitled to bring a civil action.

131.    Upon information and belief and in addition to the facts alleged in count 1, the following facts are relevant to count 8.

132.     As the date of execution shows on the R.I.S.C., August 7, 2023, Defendant Rountree Moore Nissan knowingly devised a scheme to defraud both the Plaintiff Diana Bradie-Timberlake and the lending institution by using a signature not belonging to her on loan documents as if she were accepting the terms of the unseen and unauthorized R.I.S.C by using a form of electronic communication.

134.     Based on the language used and the dates of the text messages sent from the Defendant Rountree Moore Nissan to the Plaintiffs, this same forged R.I.S.C. was sent to the Plaintiffs by email transmission along with the lending institution Foursight Capital before the Plaintiff Diana Bradie-Timberlake was able to accept terms and sign.

(See Exhibit 13-TM-D Page 17, Exhibit 13-TM-E Page 17)

135.     As a direct and proximate result of Defendant Rountree Moore Nissan' intentional, negligent unlawful conduct as alleged hereinabove, the Plaintiff Diana Bradie-Timberlake Request Relief in:

    a)  Compensatory damages

    b)  Treble damages

    c)  Emotional distress

    d)  Any other relief that the court deems just and proper

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Diana Bradie Timberlake and Treymane Robinson, prays judgment be entered in their favor against Defendants after a duly convened jury trial as follows:

1. For a money judgment representing compensatory damages including consequential damages, lost wages of $25,000 due to the inability to legally operate the vehicle with expired tags, and all other sums of money, together with interest on these amounts;

2. For a money judgment for mental pain and anguish and severe emotional distress;

3. For punitive and exemplary damages in the amount of $1,000,000;

4. For a money judgment equivalent to the amount of the forged R.I.S.C. for the Plaintiff Diana Bradie-Timberlake to purchase a vehicle;

5. Full reimbursement of all money spent to acquire vehicle and maintain it: including flight, gas, brakes, and car insurance in the amount $4,000.00;

6. For a money judgment for credit repair and damages resulting from the Defendants' negligence, which includes excessive hard inquiries causing denials of other financing needs, and in the amount of $400,000;

7. Recovery of all Legal Costs and filing fees amounting to $5902;

8. For a money judgment of double the finance charge amounting to $48,133.38, for the Defendants' failure to disclose financing terms in accordance with the Truth in Lending Act (TILA);

9. For a money judgment for the reimbursement cost of rental vehicles, totaling $14,557.06, incurred over a 90-day period due to the unavailability of the Plaintiffs' vehicle;

10. For a money judgment for the violation of FDUPTA: An award of $15,000 per

33

violation for being a senior citizen over the age of 60, as prescribed under Florida Statute 501.2077 (1)(e) for each instance of the Defendants' misconduct affecting a Senior citizen;

11. For a money judgment for the violation of FDUPTA: An award of $15,000 per violation for being a disabled military servicemember, as prescribed under Florida Statute 501.2077 (1)(c) and 501.2077(3) for each instance of the Defendants' misconduct affecting a military servicemember;

12. A judgement for the immediate Lien release and Title for the 2021 Nissan Armada VIN# JN8AY2BB1M9793659;

13. A declaration releasing the Plaintiff Diana Bradie-Timberlake from all obligations of the installment contract;

14. Such other and further relief as the Court may deem just and equitable in the circumstances.

Respectfully Submitted by:
Diana Bradie-Timberlake Pro Se
Treymane Jai Robinson, Pro Se